UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HASS,<br><br>        Plaintiff,<br><br>   v.<br><br>FLOWERS BAKERIES SALES OF NORCAL, LLC, et al.,<br><br>        Defendants. | Case No. 25-cv-06018-JSC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

\\
\\

Plaintiff brought a putative class action against Defendants in state court for violation of California wage and hour laws. Defendants removed the action to this federal court on the basis of diversity jurisdiction, not jurisdiction under the Class Action Fairness Act. (Dkt. No. 1 ¶ 7.)[1] Defendants contend there is complete diversity between Plaintiff Michael Hass and Defendants and that the $75,000 amount in controversy is satisfied as to Mr. Hass.

A defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009). "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up). Further, when a

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

With respect to their burden of showing the amount in controversy exceeds $75,000, Defendants estimate the amount of controversy as to Mr. Hass is $152,632, which consists of $28,282 in damages and penalties and $124,350 in attorneys' fees. (Dkt. No. 1 ¶ 60.) They calculate the amount of fees based on 150 hours of attorney time at Plaintiff's counsel's hourly rate of $829.00. (*Id.* ¶¶ 57-59.) The Notice of Removal does not satisfy Defendants' burden of showing the amount in controversy is satisfied.

When calculating the amount in controversy in a putative class action, "the potential attorneys' fees should be attributed pro rata to each class member." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1179–80 (9th Cir. 2025) (citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)) (cleaned up). So, even if Plaintiff's damages at issue here total $28,282, diversity jurisdiction requires $46,718 in attorneys' fees "*per class member.*" *Rosenwald*, 152 F.4th at 1179 (italics in original). Plaintiff estimates the class is "greater than two hundred (200) individuals." (Dkt. No. 1-2 ¶ 23a). To satisfy the amount in controversy, Plaintiff's attorneys' fees award would need to be roughly $9.3 million, *i.e.*, over 11,000 hours at Plaintiff's counsel's rate of $829 an hour. (Dkt. No. 1 ¶ 57.) Defendant has not shown that is likely to happen; of Defendant's cited cases, the upper end of what a plaintiff's attorney worked was 869.6 hours. (*Id.* ¶ 56 (citing *Betancourt v. OS Restaurant Services, LLC*, 83 Cal. App. 5th 132, 136 (2022)).) And Defendant's cited wage and hour cases in which courts estimated future attorneys' fees to be above $75,000 are not persuasive because they did not apportion attorneys' fees among all class members as Ninth Circuit law requires. *See, e.g.*, *Swans v. Fieldworks, LLC*, 2023 WL 196918 *3 (C.D. Cal. Jan. 17, 2023); *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441 *3–4 (N.D. Cal. Apr. 15, 2010); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 *5–6 (C.D. Cal. Mar. 3, 2015). So, from the Notice of Removal it appears the amount of controversy is not satisfied and the Court lacks removal jurisdiction of this action.

2

Accordingly, on or before **November 17, 2025**, Defendants are ORDERED TO SHOW CAUSE in writing how this federal court has removal jurisdiction based on diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge