1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5
6    MICHAEL HASS,                          Case No.  25-cv-06018-JSC
7                  Plaintiff,
                                            **ORDER REMANDING CASE**
8         v.
                                            Re: Dkt. Nos. 30, 31
9    FLOWERS BAKERIES SALES OF
     NORCAL, LLC, et al.,
10                Defendants.
11

12        Plaintiff brought a putative class action against Defendants in state court for violation of

13   California wage and hour laws.  Defendants removed the action to this federal court on the basis of

14   diversity jurisdiction, not jurisdiction under the Class Action Fairness Act.  (Dkt. No. 1 ¶ 7.)[1]

15   Defendants contend there is complete diversity between Plaintiff Michael Hass and Defendants

16   and that the $75,000 amount in controversy is satisfied as to Mr. Hass.  Plaintiff did not move to

17   remand or otherwise challenge Defendants' removal allegations.

18        On November 10, 2025, the Court ordered Defendants to show cause "how this federal

19   court has removal jurisdiction based on diversity jurisdiction."  (Dkt. No. 30 at 3.)  The Court

20   noted:

21        When calculating the amount in controversy in a putative class action,
          "the potential attorneys' fees should be attributed pro rata to each
22        class member." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167,
          1179–80 (9th Cir. 2025) (citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d
23        1365, 1367 (9th Cir. 1982)) (cleaned up).  So, even if Plaintiff's
          damages at issue here total $28,282, diversity jurisdiction requires
24        $46,718 in attorneys' fees "per class member." *Rosenwald*, 152 F.4th
          at 1179 (italics in original). Plaintiff estimates the class is "greater
25        than two hundred (200) individuals." (Dkt. No. 1-2 ¶ 23a).  To satisfy
          the amount in controversy, Plaintiff's attorneys' fees award would
26        need to be roughly $9.3 million, *i.e.*, over 11,000 hours at Plaintiff's
27   ───────────────
28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

counsel's rate of $829 an hour.  (Dkt. No. 1 ¶ 57.)  Defendants have not shown that is likely to happen; of Defendants' cited cases, the upper end of what a plaintiff's attorney worked was 869.6 hours.  (*Id.* ¶ 56 (citing *Betancourt v. OS Restaurant Services, LLC*, 83 Cal. App. 5th 132, 136 (2022)).)  […]  So, from the Notice of Removal it appears the amount of controversy is not satisfied and the Court lacks removal jurisdiction of this action.

(Dkt. No. 30 at 2.)  Defendants filed a response on November 17, 2025, arguing removal is proper because attorneys' fees should not be apportioned across class members, and Defendants' estimate of future attorneys' fees is based solely on Plaintiff's individual claims.  (Dkt. No. 31.)

     For the reasons set forth below, the Court REMANDS the case to Humboldt County Superior Court because Defendants have not met their burden of showing the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).  In a putative class action where the plaintiff prays for attorneys' fees under a fee-shifting provision that does not award fees exclusively to the named plaintiffs, "the potential attorneys' fees should be attributed pro rata to each class member."  *Rosenwald*, 152 F.4th at 1179–80 (cleaned up).  Accordingly, Defendants' Notice of Removal and Response to the Court's Order to Show Cause have not demonstrated Plaintiff's damages and share of the potential attorneys' fees award exceed $75,000.

## DISCUSSION

     A defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction."  *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up).  Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir. 2004).  A case must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

     With respect to their burden of showing the amount in controversy exceeds $75,000,

attorneys' fees under these Labor Code provisions "are not awarded solely to the named plaintiffs in a class action, and … they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson*, 261 F.3d at 942.  The plain language of these provisions does not limit fee recovery to the named plaintiff and no California court has held otherwise; so, "under the[ese] California law[s] at least, attorneys' fees are not awarded solely to the named plaintiffs in a class action." *Gibson*, 261 F.3d at 942.  Indeed, *Gibson* approvingly cited out-of-circuit cases interpreting variations of these phrases to mean attorneys' fees are divided among class members for amount-in-controversy purposes.  *See Gibson*, 261 F.3d at 942–43 (collecting the following cases: *Cohen v. Office Depot Inc.*, 204 F.3d 1069, 1080, 1080 n.11 (11th Cir. 2000) (interpreting "the prevailing party" in a Florida statute to mean "the entire class of plaintiffs … would 'prevail' in the action, and accordingly, it is the class … who would recover attorney fees"); *Darden v. Ford Consumer Finance Co., Inc.*, 200 F.3d 753, 757–58 (11th Cir. 2000) (the phrase "any person who is injured" "gives each individual plaintiff in a putative class the right to recover attorneys' fees").  Accordingly, Plaintiff's potential fee award must be divided by the number of class members for jurisdictional amount in controversy purposes.

In its Response to the Order to Show Cause, Defendants argue attorneys' fees should not be apportioned across the class because "Defendants' removal is based only **on the fees at issue to litigate Plaintiff's individual claims only**."  (Dkt. No. 31 at 11) (emphasis in original).  In support of this argument, Defendants make several interrelated points: (1) attorneys' fees awards should not be apportioned across a putative class, and Plaintiff's class has not been certified, (2) *Gibson* is distinguishable because here, Defendants estimate fees associated with Plaintiff's individual claims, (3) "*Rosenwald* does not apply here because Plaintiff seeks fees under sections 226 and 1194 of the California Labor Code for his individual claims"; and (4) district courts post-*Gibson* and pre-*Rosenwald* have permitted fee estimates based on individual claims.  (*Id.* at 8–14.)

Defendants cite *Gibson* for the first two arguments.  First, in a section of the opinion unrelated to fee-shifting provisions, *Gibson* observed "'a complaint … filed only by a named plaintiff or plaintiffs … is, at the time of filing, only a would-be class action. It does not become a class action until certified by the district court.'"  (Dkt. No. 31 at 8 (quoting *Gibson*, 261 F.3d at

937).)  Under this logic, prior to class certification, Plaintiff's lawsuit is only for individual claims, so apportioning fees across "the estimated number of putative class members in a class that is not and may never be certified would be wholly speculative[.]"  (Dkt. No. 31 at 8.)  Second, Defendants contend "in *Gibson*, the removing defendant … improperly attempted to allocate *the amount of fees associated with the entire class action* to the named plaintiff," as opposed to Defendants' estimate here, which tallies fees associated with tasks related to Plaintiff's individual claims.  (Dkt. No. 31 at 10.)

The Court disagrees on both fronts.  Defendants' first argument relies on a portion of the *Gibson* opinion that does not address fee-shifting provisions or apportionment of fees.  *See* 261 F.3d at 934–937.  That explains why the named plaintiffs' failure to certify a class was not dispositive there: after observing, as a general matter, a putative class action "does not become a class action until certified by the district court," *Gibson* states "[w]e have no doubt that attorneys' fees would exceed $75,000 per named plaintiff in this case if … class certification were granted."  *Id.* at 941.  And yet, although a class had not been certified, *Gibson* held its named plaintiffs did not satisfy the amount-in-controversy requirement "because ... *any attorneys' fees* awarded in this action [must] be divided among all members of the class."  *Id.* at 943 (emphasis added).  This same language also forecloses Defendants' second argument because the dispositive issue in *Gibson* was not that the removing defendants included attorneys' fees "associated with the entire class action," (Dkt. No. 31 at 10), but rather, the failure to equally divide "any attorneys' fees" among all members the class.  *Gibson*, 261 F.3d at 943.

Similarly, Defendants' third argument distinguishes the fee-shifting provision at issue in *Rosenwald*, California Civil Code Section 1780, by arguing Plaintiff seeks attorneys' fees only "for his individual claims."  (Dkt. No. 31 at 10.)  But Section 1780 provides a cause of action and attorneys' fees for individuals regardless of whether the suit is filed as a class action.  *See* Cal. Civ. Code §§ 1780(a) ("Any consumer who suffers any damage … may bring an action[.]"); 1780(b)(2) ("Judgment in a class action by senior citizens or disabled persons … may award each class member [an] *additional award*" if certain conditions are met); 1780(e) ("The court shall award … attorney's fees to *a prevailing plaintiff* …") (emphases added).  In other words,

5

*Rosenwald* did not hinge on whether the named plaintiffs prayed for attorneys' fees for individual claims or class-wide claims.  Just like in *Gibson*, the question in *Rosenwald* was whether the fee-shifting provision awards fees exclusively to named plaintiffs.  And just like the fee-shifting provisions here, the answer in both cases was "no," so fees must be apportioned across all class members.

Fourth, Defendants identify no Ninth Circuit case supporting their insistence that in a class action they can satisfy the $75,000 amount in controversy based on attorneys' fees associated with a named plaintiff's individual claims.  Defendants contend "[p]ost-*Gibson* and even after *Rosenwald*, multiple courts have permitted reasonable fee estimates based on individual wage and hour claims."  (Dkt. No. 31 at 11.)  Defendants cite only federal district court cases; but none are persuasive because they do not mention *Gibson* or *Rosenwald*.[3]  This Court is bound by *Gibson* and *Rosenwald.*

Moreover, Defendants' proposed dichotomy between fees for individual and class claims is contrary to how the amount-in-controversy inquiry is conducted.  "The amount in controversy is not a prospective assessment of a defendant's liability," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018), nor does the amount in controversy refer to "likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).  So, if a plaintiff alleges a putative class and attorneys' fees are authorized for all class members, all possible future attorneys' fees are "at stake" and therefore included in the amount in controversy so long as the estimate of future fees is proven by a preponderance of the evidence and not "too speculative."  *See Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 793 (9th Cir. 2018).  In considering whether a future fee estimate is "too speculative," the Ninth Circuit is "confident" courts can use their "expertise" in evaluating customary hourly rates, evidence, and whether fees are authorized by statute or contract.  *Id.* at 795–96.

---

[3] *See Forrest v. MAV KG, LLC*, 2025 WL 2753725 (E.D. Cal. Sept. 29, 2025); *Luciano v. GS Operating, LLC*, 2025 WL 654096, *2 (N.D. Cal. Feb. 28, 2025); *Kendall v. Verizon Data Services, LLC*, 2023 WL218963 *2 (N.D. Cal. Jan. 17, 2023); *Ott v. Cooper Interconnect, Inc.*, 2023 WL 5530028 *4 (N.D. Cal. Aug. 25, 2023); *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441 *4 n.2 (N.D. Cal. Apr. 15, 2010).

What courts may not do, however, is "decide the merits of the case before it could determine it if had subject matter jurisdiction." *Geographic Expeditions Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). For instance, courts cannot consider merits-based arguments, such as the application of affirmative defenses to unnamed class members, because the "jurisdictional inquiry … is supposed to be simple and mechanical." *Greene*, 965 at 774 (cleaned up). So, although Defendants are correct the class "is not and may never be certified," (Dkt. No. 31 at 8), the eventual outcome of class certification goes to Defendants' "probable liability" for fees rather than what fees are "possible" at the time of removal. *Cf. Greene*, 965 at 772. Defendants protest that it is "wholly speculative" to apportion fees when a class "may never be certified," but it would be equally speculative (if not improper) to assume, as Defendants advocate, Plaintiff's class will not be certified due to a pending motion to strike the class allegations. (*See* Dkt. No. 31 at 8); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## CONCLUSION

For the reasons set both above, the Court REMANDS Plaintiff's case to Humboldt County Superior Court. Under binding Ninth Circuit law, when a plaintiff in a putative class action seeks attorneys' fees under a fee-provision that does not exclusively award fees to named plaintiffs, the potential attorneys' fees award must be divided equally among class members to determine the amount in controversy. Applying that law here, Defendants' estimate of Plaintiff's damages and attorneys' fees award does not exceed $75,000.

**IT IS SO ORDERED.**

Dated: November 26, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

7