1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL HASS,                              Case No.  25-cv-06018-JSC

8                Plaintiff,

9         v.                                    **ORDER RE: MOTION TO CERTIFY
                                                INTERLOCUTORY APPEAL**
10   FLOWERS BAKERIES SALES OF
     NORCAL, LLC, et al.,                       Re: Dkt. No. 34

11               Defendants.

12

13        On November 26, 2025, the Court remanded this case to state court.  (Dkt. No. 32.)[1]  The

14   Court mailed certified copies of the docket and Order to the Humbold Superior Court on

15   December 5, 2025.  (Dkt. No. 33.)  Nearly two weeks later, Defendant moved to certify the

16   Court's November 26, 2025 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Dkt.

17   No. 34.)

18        After carefully considering the arguments and briefing submitted, the Court concludes oral

19   argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 22, 2026 hearing, and

20   DENIES Defendant's motion for the reasons set forth below.  An order remanding a case to state

21   court is "not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  "Once a district court

22   certifies a remand order to state court it is divested of jurisdiction and can take no further action on

23   the case."  *Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir.

24   1988).  Defendant asserts Section 1447(d) does not preclude the Court from certifying the order as

25   appealable.  Not so.  While a court may certify order an order _denying remand_ as appealable under

26   certain circumstances, *see Mattel, Inc. v. Bryant*, 442 F. Supp. 2d 1081, 1089-1100 (C.D. Cal.

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    Mar. 4, 2005), *aff'd* 446 F.3d 1011 (9th Cir. 2006), a court cannot so certify an order *granting*

2    *remand* because, upon certification of the order, the Court "is divested of jurisdiction and can take

3    no further action on the case."  *Seedman*, 837 F.2d at 415.  By extension, because the Court does

4    not have jurisdiction, it cannot, as Defendant requests in Reply, issue a ruling regarding what the

5    Court would do "if the Court had jurisdiction."  (Dkt. No. 37 at 3); *see also* Fed. R. Civ. P. 62.1(a)

6    (providing a court may issue an indicative ruling regarding relief "that the court lacks authority to

7    grant *because of an appeal that has been docketed and is pending*[.]") (emphasis added).

8        This Order disposes of Docket No. 34.  The Clerk of Court shall mail certified copies of

9    this Order and the updated docket in this case to the Humboldt Superior Court.

10       **IT IS SO ORDERED.**

11   Dated: January 13, 2026

12

13

14   JACQUELINE SCOTT CORLEY
     United States District Judge